UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK ROSENHOCH,

    Plaintiff,

v.                                                      Case No. 8:25-cv-2805-TPB-AEP

AMAZON.COM SERVICES, LLC,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR A TEMPORARY
RESTRAINING ORDER, CONSTRUING THE MOTION AS SEEKING A
PRELIMINARY INJUNCTION, AND DIRECTING A RESPONSE**

This matter is before the Court on Defendant Amazon.com Services, LLC's "Motion for Temporary Restraining Order and Incorporated Memorandum of Law" filed on November 7, 2025. (Doc. 9). Plaintiff Mark Rosenhoch has not filed a response. After reviewing the motion, court file, and the record, the Court finds as follows:

Plaintiff worked for Defendant Amazon.com Services, LLC until December 6, 2023, in various positions, most recently as a Senior Employee Relations Investigator. Defendant fired Plaintiff on December 6, 2023, on the stated ground that he had improperly downloaded confidential company information onto a personal USB drive and refused to confirm to Defendant that he had deleted the information. Plaintiff filed suit against Defendant, alleging he was fired as a result of disability discrimination and retaliation. He alleges violations of the Americans

with Disabilities Act, the Florida Civil Rights Act, the Family and Medical Leave Act, and the Florida Private Whistleblower Act.

Plaintiff filed suit on October 14, 2025, and served Defendant with process on October 17, 2025. On November 7, 2025, Defendant filed the instant motion for a temporary restraining order based on a confidentiality agreement Plaintiff signed in connection with his employment. The motion seeks to prevent Plaintiff from disclosing confidential information he took with him when he left Defendant's employment, including information regarding Defendant's business practices and information regarding other employees, as well as other relief. Defendant asserts that Plaintiff's complaint in this case improperly discloses confidential information.

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts in the verified complaint or accompanying affidavits showing not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that irreparable loss will occur to the movant "before the adverse party can be heard in opposition[.]"

Defendant's motion does not seek a temporary restraining order without notice as contemplated by Rule 65(b). Plaintiff initiated this suit, and he has therefore received notice of Defendant's motion via the Court's CM/ECF system. Defendant, however, does ask the Court to enter temporary injunctive relief without providing Plaintiff an opportunity to respond.

While Defendant's motion appears to make out a case for preliminary relief, it fails to convince the Court that an emergency exists that would support granting relief without receiving Plaintiff's response. For one thing, the dispute between the parties appears to date back to late 2023, when Plaintiff allegedly obtained the information in question and threatened disclosure. Plaintiff filed a charge of discrimination with the EEOC, a condition precedent to filing suit, in March 2024, more than a year ago. The Court has reviewed the allegations of the complaint, including the paragraphs that Defendant claims disclose confidential information. Given the nature of the information disclosed, the Court does not find Defendant's argument that Plaintiff's filing of the lawsuit has created a "new and distinct threat" requiring immediate relief to be a persuasive explanation for the delay.

The Court also notes that three weeks elapsed between Plaintiff's service of the complaint on Defendant and Defendant's filing its motion, further weighing against Defendant's claim that irreparable loss is imminent. Defendant does not assert any additional disclosures by Plaintiff since the filing of the complaint, nor does Defendant allege a specific threat by Plaintiff to disclose further information in the immediate future.

For the foregoing reasons, the Court declines to address Defendant's motion without input from Plaintiff and denies the motion to the extent it seeks a temporary restraining order without providing Plaintiff an opportunity to respond. The Court, however, will construe the motion as alternatively seeking a preliminary injunction. Plaintiff's response would ordinarily be due on November 21, 2025,

fourteen days from the filing of the motion.  The Court will shorten the time for Plaintiff to respond.  Plaintiff is directed to file a response on or before **November 19, 2025**.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)   Defendant's "Motion for Temporary Restraining Order and Incorporated Memorandum of Law" (Doc. 9) is **DENIED** to the extent it seeks a temporary restraining order.

(2)   The Court construes the motion as alternatively seeking a preliminary injunction, and ruling on the motion is **DEFERRED**.

(3)   Plaintiff is **DIRECTED** to file his response to the motion on or before **November 19, 2025.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of November, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE